UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH L. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2657 RLW |
| | ) |
| VATTEROTT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Keith L. Griffin for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the plaintiff is financially unable to pay any portion of the fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. After reviewing plaintiff's complaint, however, this action will be dismissed for failure to state a claim and lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff has filed this case on a court-approved form for employment discrimination. As to the nature of the discrimination, plaintiff checks that he is bringing the case under the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of disability.

In the body of his complaint, plaintiff states that he attended defendant Vatterott College from March 1988 through October 3, 1988. He states that he graduated on October 10, 1988. Although his factual allegations are unclear, plaintiff states that in 1996, his residence was broken into and his "pocket handbook of all the graduating people from PBS from the year I graduated to earlier years from 1988" was stolen. Possibly related, he claims his police officer handbook is in the library of the District Court for the Eastern District of Missouri, and that he placed it there. Finally, plaintiff appears to allege his identity has been stolen.

## Discussion

At the outset, the Court notes that even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure. Plaintiff has failed to do so in this case. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000); Fed. R.

2

Civ. P. 8(a)(2) (complaint should contain "short and plain statement" of claims); Fed. R. Civ. P. 8(d)(1) (each claim shall be "simple, concise, and direct"); Fed. R. Civ. P. 10(b) (parties are to separate their claims into paragraphs, "each limited . . . to a single set of circumstances").

Liberally construing plaintiff's complaint, he has not alleged any employment discrimination based on the ADA. He has not alleged any employment at Vatterott, any discrimination by Vatterott, or any disability under the ADA. Although he checks the box on the form complaint that the nature of his case is "failure to hire me," "termination of my employment," and "other conduct," he makes no allegations that he applied for a position at Vatterott and was not hired, nor that he was employed at Vatterott and fired. Plaintiff has failed to state a claim on which relief may be granted, and the Court will dismiss his action. *See* 28 U.S.C. § 1915(e)(2)(B).

Additionally, the Court will dismiss plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff's action does not appear to arise under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Nor has plaintiff alleged any diversity of citizenship between himself and defendant Vatterott or any amount in controversy. *See* 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process on the complaint because the complaint is subject to dismissal for failure to state a claim and lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2017.